1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11

12   LAN UNG TRAN,

13                    Plaintiff,              CIV. S-03-1689 PAN

14            v.

15   JO ANNE B. BARNHART,              Memorandum of Decision
     Commissioner of Social
16   Security,

17                    Defendants.

18                              —o○o—

19       Pursuant to 42 U.S.C. § 405(g), plaintiff requests this

20   court review defendant's decision denying plaintiff supplemental

21   security income benefits.

22       If the claimant meets eligibility requirements, the

23   Commissioner bases his decision upon a five-step analysis.

24   First, the claimant must not currently be working.  20 C.F.R. §

25   416.920(b).  Second, the claimant must have a "severe"

26   impairment.  20 C.F.R. § 416.920(c).  Third, the medical evidence

1  of the claimant's impairment is compared to a list of impairments

2  that are presumed severe enough to preclude work; if the

3  claimant's impairment meets or equals one of the listed

4  impairments, benefits are awarded.  20 C.F.R. § 416.920(d).

5  Fourth, if the claimant can do his past work benefits are denied.

6  20 C.F.R. § 416.920(e).  Fifth, if the claimant cannot do his

7  past work and, considering the claimant's age, education, work

8  experience, and residual functional capacity, cannot do other

9  work that exists in the national economy, benefits are awarded.

10  20 C.F.R. § 416.920(f).

11       Defendant found plaintiff was eligible, suffered from

12  "chronic headaches, muscle/tension type, and chronic neck and low

13  back pain" but no listed impairment, that she retains the

14  physical capacity for a narrow range of medium work and a full

15  range of light work, and using the medical-vocational guidelines

16  as a framework, that she is not disabled.  Tr. 15-16.

17       This court must uphold the Commissioner's determination

18  that a plaintiff is not disabled if the Commissioner applied the

19  proper legal standards and if the  Commissioner's findings are

20  supported by substantial evidence.  Sanchez v. Secretary of

21  Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987).

22  The question is one of law.  Gonzalez v. Sullivan, 914 F.2d 1197,

23  1200 (9th Cir. 1990).  Substantial evidence means more than a

24  mere scintilla, Richardson v. Perales, 402 U.S. 389, 401 (1971),

25  but less than a preponderance, Bates v. Sullivan, 894 F.2d 1059,

26  1061 (9th Cir. 1990).  It means such relevant evidence as a

1 reasonable mind might accept as adequate to support a conclusion.

2 Richardson, 402 U.S. at 401.  The court cannot affirm the

3 Commissioner simply by isolating supporting evidence but must

4 consider the entire record, weighing evidence that undermines as

5 well as evidence that supports the  Commissioner's decision.

6 Gonzalez v. Sullivan, 914 F.2d at 1200.  If substantial evidence

7 supports administrative findings, or if there is conflicting

8 evidence that will support a finding of either disability or

9 nondisability, the finding of the Commissioner is conclusive,

10 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may

11 be set aside only if the proper legal standards were not applied

12 in weighing the evidence,  Burkhart v. Bowen, 856 F.2d 1335, 1338

13 (9th Cir. 1988).

14     Plaintiff claims defendant erred by relying upon the

15 medical-vocational guidelines, which take no account of

16 limitations imposed by pain.

17     Defendant found that plaintiff "has chronic headaches,

18 muscle/tension type, and chronic neck and low back pain,

19 impairments that are severe." Tr. 12.  Plaintiff testified that

20 the pain was disabling.  Defendant found plaintiff's testimony

21 was not credible because:

22      Such allegations are greater than her condition
        would be expected to produce and are not
23      substantiated by medical findings or the opinions
        of examining or reviewing physicians.  She has not
24      recently received significant or regular treatment
        for any medical problems.  Tr. 13-14.

25

26 ////

1   Defendant found that plaintiff suffers from chronic

2  headache, neck and low back pain.  When a claimant produces

3  medical evidence of an underlying impairment reasonably likely to

4  be the cause of alleged pain, the administrative law judge may

5  not discredit the claimant's allegations of the severity of pain

6  solely on the ground they are unsupported by objective medical

7  evidence but may find a claimant is not credible for reasons,

8  supported by the record, that assure a reviewing court that a

9  claimant's testimony about the limitations imposed by pain is not

10  arbitrary.  Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir.

11  1991).  There  must be specific, cogent reasons for disbelief and

12  without affirmative evidence of malingering the reasons must be

13  clear and convincing.  Morgan v. Apfel, 169 F.3d 595, 599 (9th

14  Cir. 1995).

15   Defendant's decision in this case does not conform to

16  those legal standards and therefore must be reversed and remanded

17  for further proceedings.

18   Dated:  May 9, 2005.

19
                                 /s/ Peter A. Nowinski
20                               PETER A. NOWINSKI
                                 Magistrate Judge
21

22

23

24

25

26

4